IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WONNELL RINGGOLD,            )
                             )
            Petitioner,      )
                             )
    v.                       )   Civil Action No. 09-878-SLR
                             )
PHILIP MORGAN,               )
Warden, and ATTORNEY         )
GENERAL OF THE STATE         )
OF DELAWARE                  )
                             )
            Respondents.     )

Wonnell Ringgold. Pro se petitioner.

Paul R. Wallace, Chief of Appeals, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

January 7, 2011
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Presently before the court is Wonnell Ringgold's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner was in custody at the Howard R. Young Correctional Institution in Wilmington, Delaware, when he filed the instant application. For the reasons that follow, the court will dismiss his application as moot.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 9, 2009, the Delaware Superior Court determined that petitioner had violated the terms of his probation with respect to his convictions for burglary and robbery, and sentenced him to three months in prison with no probation to follow. (D.I. 10, at p. 1) Petitioner filed a petition for a writ of habeas corpus in the Delaware Superior Court on November 9, 2009. The Superior Court denied the petition as moot on February 2, 2010 because petitioner had already been released from custody. (*Id.*)

In the meantime, on November 17, 2009, while his state habeas petition was still pending before the Superior Court, petitioner filed in this court the instant application for federal habeas relief. (D.I. 1) The application asserts one claim, namely, that petitioner was not credited 52 days pursuant to 11 Del. Code Ann. § 3901(b). In lieu of an answer, the State filed a motion to dismiss the application for lack of jurisdiction because the case is moot. (*Id.*)

## III. DISCUSSION

According to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank,*

*Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis,* 494 U.S. at 477-78.

When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *see Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. *Chong v. District Director, INS*, 264 F.3d 378, 384 (3d Cir. 2001). "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act"[1] "that is likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7. Consequently, in the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); *Chong,* 264 F.3d at 383-84.

In this case, petitioner challenges the execution of his sentence rather than the legality of his conviction. Significantly, the record reveals that the Delaware Department of Correction released petitioner from custody sometime prior to February 2, 2010, and

---

[1] *Kissinger*, 309 F.3d at 181.

his violation of probation sentence order indicates that the release was unconditional. (D.I. 10, at pp. 11, 13) Petitioner has not alleged, and the court cannot discern, any continuing collateral consequences stemming from the claim raised in his petition that can be redressed by a favorable judicial decision in this federal habeas proceeding. *See Lane v. Williams*, 455 U.S. 624, 631, 633 (1982)("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot; . . . [t]hrough the mere passage of time, respondents have obtained all the relief that they sought . . . no live controversy remains); *Harris v. Williams*, 2002 WL 1315453, at *2 (D. Del. June 14, 2002). By failing to demonstrate continuing collateral consequences, petitioner has failed to satisfy Article III's case-and-controversy requirement. *See Spencer*, 523 U.S. at 7; *Chong*, 264 F.3d at 383-84. Therefore, the court will deny the instant application as moot.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 application must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following

debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that the instant application does not warrant federal habeas relief. Consequently, the court declines to issue a certificate of appealability because petitioner has failed to make a substantial showing of the denial of a constitutional right.

## V. CONCLUSION

For the foregoing reasons, the court will grant the State's motion to dismiss petitioner's § 2254 application. The court also finds no basis for the issuance of a certificate of appealability. An appropriate order will follow.